IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIANE L. KLIVINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-574-CWB |
| | ) |
| DR. ASHA VOSS, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on a joint motion by Dr. Asha Voss, M.D. ("Voss") and Obstetrics and Gynecology of Dothan, Inc. ("Obstetrics Gynecology") for dismissal or, in the alternative, a more definite statement. For the reasons set forth below, the court finds that the motion is due to be denied.

**I.     Introduction**

Plaintiff filed this action on September 27, 2022 to assert various claims against Voss, Obstetrics Gynecology, Triad of Alabama, L.L.C. d/b/a Flowers Hospital, MagMutual, and CHSPSC, LLC. (Doc. 1). All of Plaintiff's claims center around the circumstances of her employment. (*Id.*).

Now pending for resolution is a Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement (Doc. 29) by Voss and Obstetrics Gynecology wherein they assert that the Complaint is an impermissible "shotgun pleading" (*Id.* at pp. 4-6), that certain claims fail to meet the heightened pleading standards required by Rule 9(b) of the Federal Rules of Civil Procedure (*Id.* at pp. 6-9), and that the "defamation-based claims" fail to satisfy the essential pleading requirements (*Id.* at pp. 9-11).

1

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss an action for "failure to state a claim upon which relief can be granted."  *See* Fed. R. Civ. P. 12(b)(6).  In order to survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).  The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint alleges fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (citation omitted).  According to the Eleventh Circuit, a complaint satisfies Rule 9(b) if it sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.,* 290 F.3d 1301, 1310 (11th Cir. 2002) (quoting *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001)); *see also W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) ("… Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud."). Nonetheless, "this does not require every element to be stated with particularity, but rather the 'pleader must use more than generalized or conclusory statements setting out the fraud.'" *Buckmasters, Ltd. v. Action Archery, Inc.*, 915 F. Supp. 1188, 1194 (M.D. Ala. 1996) (quoting *Mays v. United Ins. Co. of America*, 853 F. Supp. 1386, 1389 (M.D. Ala. 1994)).

Pursuant Rule 12(e), a defendant may file a motion seeking "a more definite statement" with respect to a complaint "which is so vague or ambiguous that the [defendant] cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e). Given the "liberal pleading standard[s]" set forth in Rule 8, the law generally disfavors motions for a more definite statement and courts grant them sparingly. *See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1261 (11th Cir. 2015). Further, a party may not use Rule 12(e) to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery. *See Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000) ("A motion for a more definite statement under Rule 12(e) is not to be employed as a substitute for pre-trial discovery proceedings."). "[A] motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." *Id*. (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364 (11th Cir. 1996)).

3

### III. Discussion

#### A. Shotgun Pleading

Voss and Obstetrics Gynecology argue that the Complaint is an impermissible "shotgun pleading" in that "Plaintiff asserts few factual allegations beyond the facts asserted in her breach of contract claim, realleging the same conclusory allegations throughout her Complaint to assert some fifteen (15) additional causes of action against Voss and Obstetrics Gynecology based primarily on legal conclusions asserted without sufficient factual predicates." (Doc. 29 at pp. 4-5). However, Voss and Obstetrics Gynecology do not specify any particular problem with any particular cause of action. Voss and Obstetrics Gynecology instead merely cite to a portion of a single paragraph from Count 9 as an example of an allegation "brought in the context of a claim for Conspiracy to Inflict Intentional Harm on Plaintiff but [which] does not identify any allegedly fraudulent statements made by one or more of the Defendants." (*Id.*).

To the extent Voss and Obstetrics Gynecology are alleging that Count 9 is representative of a shotgun pleading, that allegation does not comport with what the Eleventh Circuit has described as offending characteristics. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "A shotgun pleading is one where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Nurse v Sheraton Atlanta Hotel*, 618 F. App'x at 987, 990 (11th Cir. 2015) (quoting *Anderson*, 77 F.3d at 366). The Eleventh Circuit has identified four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being

replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23 (footnotes omitted).

None of those categories reflect the situation now before the court. Each count of the Complaint is numbered, contains facts specific to that count, and states which defendants are alleged to have committed the alleged acts. The counts admittedly are all tightly related and, as with most complaints, contain facts that a given defendant might consider to be immaterial, vague, or conclusory; yet there are sufficient facts pleaded to place each defendant on notice as to what is being alleged, against whom, and based upon which facts. All of the so-called "defects" noted by Voss and Obstetrics Gynecology may be remedied through discovery.[1]

**B.    Pleading Requirements under Rule 9(b)**

Voss and Obstetrics Gynecology next argue that "Plaintiff's allegations in the fourth, fifth, sixth, seventh, tenth and twelfth counts of her Complaint do not identify any specific statements or representations made by either Defendant" and that "[t]hese counts instead rely on the language of the contract Plaintiff claims was breached or make general and/or conclusory allegations." (Doc. 29 at p. 8). More specifically, Voss and Obstetrics Gynecology argue that "Plaintiff does not identify the content of the alleged representations, or the time and place the representations were made" and that "[Plaintiff] does not identify any statements or representations on which [she]

---

[1] Notwithstanding the foregoing, the court notes that it is dismissing Count 9 pursuant to the separate motion filed by Triad of Alabama, LLC d/b/a Flowers Hospital for failure to state a claim upon which relief can be granted.

5

allegedly relied, how they misled [her] or how Defendants benefited from the alleged acts and/or omissions." (*Id*. at p. 9). Voss and Obstetrics Gynecology briefly point to Count 5 as an exemplar of the alleged deficiencies but do not directly address the details as to any of the other counts.

Viewing the Count 5 allegations in light of Rule 9(b), paragraph 68 sufficiently addresses "what statements were made in what documents or oral representations or what omissions were made":

> When the employment agreement was being negotiated Dr. Voss, the chief executive officer of Obstetrics Gynecology, acting in the line and scope of her employment, and in her individual capacity, represented to Dr. Klivington that sufficient support staff would be made available to Dr. Klivington, under Dr. Klivington's supervision, to assure the provision of adequate patient care and to meet the administrative needs of Dr. Klivington's medical practice.

(Doc. 1 at p. 24, ¶ 68). The time, place, and persons making the statements are addressed in paragraphs 10 through 15. (Doc. 1 at pp. 3-5). The content and allegedly misleading nature of the statements are further identified in paragraph 73:

> The representations that sufficient support staff would be available to Dr. Klivington and that support staff would be under Dr. Klivington's control while providing medical services were false and defendants Dr. Voss and Obstetrics Gynecology knew they were false but deliberately made the false representations so Dr. Klivington would rely upon them.

(*Id.* at p. 25). And paragraph 76 addresses "what the defendants obtained as a consequence of the fraud," namely:

> The failure to provide support staff as represented resulted in Dr. Klivington having to perform services beyond the scope of an assisted physician resulting in loss of earnings to Dr. Klivington in the sum of $741,300.00 (seven-hundred-forty-one-thousand-three-hundred dollars and zero cents). The withholding of support staff by Obstetrics Gynecology encumbered and impeded Dr. Klivington's medical practice.

(*Id.* at p. 26). The court has carefully reviewed the allegation in Counts 4, 6, 7, 10, and 12, which Voss and Obstetrics Gynecology list as deficient without providing more detail or argument, and

6

finds that all of those counts likewise contain sufficient allegations to satisfy the *Ziemba* factors under Rule 9(b). Again, any remaining concerns may be addressed via discovery.

### C. Defamation Claims

Voss and Obstetrics Gynecology argue that "the defamation-based claims asserted against Defendants in Counts Sixteen through Twenty are due to be dismissed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, for failure to state a claim upon which relief may be granted." (Doc. 29 at p. 11). Specifically, Voss and Obstetrics Gynecology argue that the "alleged damages are considered 'general' and do not rise to a 'material loss capable of being measured in money,' and therefore do not state a plausible claim for relief as to any special damages incurred by the publication of the alleged defamatory statements even if all of the factual allegations are assumed true." (Doc. 29 at pp. 10-11).

As an initial matter, Counts 18 and 19 are claims of intentional interference with economic and business relationships—not defamation claims. (*See* Doc. 1 at pp. 77-79). Accordingly, the argument for dismissal is inapposite as to Counts 18 and 19. With regard to the defamation claims, Voss and Obstetrics Gynecology assert as follows:

> [T]he allegedly defamatory statements made by Defendant[s] are that Plaintiff "had an illicit drug use problem" and "an alcohol abuse problem." (Doc. 1 at para. 232, 233, 238, 253). These allegations alone do not allege "an indictable defense involving infamy or moral turpitude," therefore special damages must be properly alleged.

(Doc. 29 at p. 10). Voss and Obstetrics Gynecology further assert that "[a] defamatory statement is only actionable per se if it alleges 'an indictable offense involving infamy or moral turpitude.'" (*Id.*) (quoting *Cottrell v. Nat'l Collegiate Athletic Ass'n*, 975 So. 2d 306, 345 (Ala. 2007)).

7

Voss and Obstetrics Gynecology appear to be framing Counts 16, 17, and 20 with the elements of slander per se, which does require that the "statements must impute to [the plaintiff] an indictable offense involving infamy or moral turpitude." *Butler v. Town of Argo*, 871 So. 2d 1, 17 (Ala. 2003).  However, the Complaint avers in Count 20 that "[o]n the 19 day of April 2021 Defendant Dr. Voss caused <u>to be published a letter</u> containing a number of false statements concerning Dr. Klivington and her conduct as a physician and her conduct in her personal life." (Doc. 1 at p. 81, ¶ 252) (emphasis added).  The defamatory statements Dr. Voss allegedly made in that letter are allegations of "medical incompetence and 'relative' incompetence."  (Doc. 1 at p. 82, ¶ 253).  With a single exception discussed below, the Complaint specifies that the subject statements were "libelous," *i.e.*, written. (Doc. 1 at pp. 733-74, ¶ 231, Count 16; pp. 75-76, ¶ 238, Count 17; p. 83, ¶ 258, Count 20).  Accordingly, the elements of libel per se, rather than slander per se, are operable as to those averments:

> Slander is about the spoken word, and libel is about the written word. Because libel is more permanent, the standard for libel per se under Alabama law is lower than the standard for slander per se.  It requires a written communication that "directly tend[s] to prejudice anyone in his office, profession, trade, or business, or in any lawful employment by which he may gain his livelihood." *Kelly v. Arrington*, 624 So. 2d 546, 549 (Ala. 1993).  A written communication does not have to involve widespread publication.  It may involve a single letter transferred to a third person, such as Dunn's transfer of his written complaint to the newspaper. *Penry v. Dozier*, 49 So. 909 (Ala. 1909) ("There must be a communication to some person other than the plaintiff and defendant.  It is not necessary that it be made known to the public generally.").  The Court reads the allegedly defamatory statements as "a reader or listener of 'average or ordinary intelligence....'" *Camp v. Yeager*, 601 So. 2d 924, 927 (Ala. 1992) (quoting *Loveless v. Graddick*, 325 So. 2d 137, 142 (Ala. 1975)).

*Butler v. Dunn*, No. 2:19-CV-530-ALB, 2019 WL 7041866, at *5 (M.D. Ala. Dec. 20, 2019) (footnote omitted).  Because the allegedly defamatory statements directly tend to prejudice Plaintiff in her "office, profession, trade, or business…," *Butler*, 325 So. 2d at 142, no special damages are required to be pleaded.

8

The Complaint references "slanderous and libelous communications" in Count 20 (Doc. 1 at p. 83, ¶ 258), which appears to be the only instance in the Complaint where any form of the word "slander" is directly mentioned or alleged. Assuming as Voss and Obstetrics Gynecology suggest that none of the verbal statements impute an indictable offense, review of Count 20 must also include an analysis of slander per quod, specifically, whether the Complaint alleges special damages in support of the slander claim. Under Alabama law, lost wages are a prototypical form of special damages. *See Tanner v. Ebbole*, 88 So. 3d 856, 863 (Ala. Civ. App. 2011) ("Moreover, even if [plaintiff] had presented no evidence of special damages, such as lost income, her general damages would be presumed… ."). Lost wages are exactly the damages alleged in Count 20:

> As a result of the deliberate false statements made about Dr. Klivington by Dr. Voss Dr. Klivington has been unable to obtain gainful employment in the field of obstetrics and gynecology and as a result has been damaged in the sum of $680,000.00 (six-hundred-eighty-thousand dollars and zero cents) in lost wages.

(Doc. 29 at p. 82, ¶ 257). Notably, damages in the form of lost wages are not present in Counts 16 or 17, which do not mention slander, nor does Plaintiff make a similar special damages claim in Count 21 when seeking damages for libel against Triad of Alabama, L.L.C. d/b/a Flowers Hospital. There is no pleading deficiency as to the "defamation claims," and the motion is due to be denied on that issue.

## IV.   Conclusion

For the reasons stated above, it is hereby **ORDERED** that the pending motion for dismissal or, in the alternative, a more definite statement (Doc. 29) is **DENIED**.

**DONE** this the 25th day of August 2023.

CHAD W. BRYAN
**UNITED STATES MAGISTRATE JUDGE**

9