IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIANE L. KLIVINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-574-CWB |
| ) | |
| DR. ASHA VOSS, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the court is the Motion to Dismiss of Defendant CHSPSC, LLC (Doc. 46). Plaintiff has filed a formal response in opposition to dismissal (Doc. 50), and CHSPSC, LLC has submitted a reply (Doc. 53). For the reasons set forth below, the court finds that the motion is due to be denied.

**I.    Introduction**

Plaintiff filed this action on September 27, 2022 to assert various causes of action against Dr. Asha Voss, M.D., Obstetrics and Gynecology of Dothan, Inc., Triad of Alabama, L.L.C. d/b/a Flowers Hospital, MagMutual, and CHSPSC, LLC. (Doc. 1). All of Plaintiff's claims center around the circumstances of her employment. (*Id.*). As to CHSPSC, LLC specifically, the only theory being asserted is styled "Count 15 - Negligent Management." (*Id.* at pp. 70-73, ¶¶ 219-228). For its part, CHSPSC, LLC asserts that the Complaint is an impermissible "shotgun pleading" filled with "vague and non-specific allegations … [that] do not meet the pleading standards required by Alabama law and the Federal Rules of Civil Procedure." (Doc. 46 at p. 2). Plaintiff in turn contends that Count 15 is directed exclusively at CHSPSC, LLC and otherwise "manifests no characteristic of a shotgun pleading." (Doc. 50 at p. 2).

1

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss an action for "failure to state a claim upon which relief can be granted."  *See* Fed. R. Civ. P. 12(b)(6).  In order to survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).  The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. Discussion

Plaintiff asserts that CHSPSC, LLC entered into a contractual relationship with Triad of Alabama, LLC to provide management services at Flowers Hospital.  (Doc. 1 at p. 71, ¶ 219).  Plaintiff further alleges that "CHSPSC, LLC had a duty as the management company providing services to Flowers Hospital to implement processes to enforce the terms and conditions of the contracts it manages" (*Id*. at ¶ 226), which would include the Recruitment Agreement between Triad of Alabama, LLC, Obstetrics Gynecology, and Plaintiff (*Id*. at ¶ 227).  Particularly at issue is the provision of the Recruitment Agreement "requir[ing] that the medical malpractice insurance required of Obstetrics Gynecology not be subject to alteration without a thirty-day advance notice to Flowers Hospital."  (*Id*. at 224).  In that regard, Plaintiff alleges that "CHSPSC, LLC was negligent in its failure to enforce the term and condition regarding the

modification of the insurance without first providing a thirty-day notice and breached its duty to enforce the [Recruitment Agreement]." (*Id*. at ¶¶ 226-27).

The court must be mindful of the posture in which the claim presently exists. Rule 12(b)(6) does not "impose a probability requirement at the pleading stage," but "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly,* 550 U.S. at 545. Stated differently, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." *Id*. at 555 (citing see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")) (additional citations omitted). In light of that liberal standard, the court finds the allegations of Count 15 sufficient to afford CHSPSC, LLC "fair notice of what the ... claim is and the grounds upon which it rests" so as to permit discovery to proceed. *Id*. at 555 (internal quotation marks and citation omitted).[1]

## IV. Conclusion

For the reasons stated above, it is hereby **ORDERED** that the Motion to Dismiss of Defendant CHSPSC, LLC (Doc. 46) is **DENIED**.

**DONE** this the 25th day of August 2023.

CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In her opposition to CHSPSC, LLC's motion to dismiss, Plaintiff expresses a desire to amend paragraph 225 of the Complaint for greater clarity. (Doc. 50 at p. 9). If Plaintiff desires to file any amendment, she must comply with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1.